# JONES DAY

51 LOUISIANA AVENUE, N.W. • WASHINGTON, D.C. 20001.2113

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3472
afideli@jonesday.com

May 23, 2023

**APPLICATION GRANTED**
**SO ORDERED**
**VERNON S. BRODERICK**
**U.S.D.J.**  6/6/2023

<u>VIA ECF</u>

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
Courtroom 518
New York, New York 10007

      Re:    *Smith v. Experian Information Solutions, Inc., et al.*,
             Case No. 1:22-cv-06960-VSB (S.D.N.Y.)
             <u>EIS's Letter Motion to Stay Discovery as to EIS</u>

Dear Judge Broderick:

      Experian Information Solutions, Inc. ("EIS") respectfully submits this letter motion to stay discovery as to Plaintiff's claims against EIS pending the Court's decision on EIS's Motion to Compel Arbitration and Stay this Action ("Arbitration Motion"), pursuant to Rule 4(F) of the Court's Individual Rules and Practice in Civil Cases and Local Civ. R. 37.2.

      On April 3, 2023, EIS filed its Arbitration Motion. (ECF No. 30.) On April 17, Plaintiff filed his Response to EIS's Arbitration Motion, in which Plaintiff did not oppose EIS's motion. (ECF No. 34.) On April 24, 2023 EIS filed its reply to Plaintiff's response, acknowledging Plaintiff's non-opposition and requesting Your Honor grant EIS's Arbitration Motion and compel Plaintiff's claims to arbitration on that basis. (ECF No. 38.)

      Despite Plaintiff's non-opposition in his response to EIS's motion, Plaintiff has refused to consent to EIS's request to stay discovery until the Arbitration Motion is resolved. Plaintiff's refusal to consent to a stay runs contrary to the practice of this Court to stay discovery pending a motion to compel arbitration. *See Ahmad v. Day*, 2021 U.S. Dist. LEXIS 32401, at *2-3 (S.D.N.Y. Feb. 22, 2021); *see also Ross v. Bank of Am., N.A. (USA)*, No. 05 CIV. 7116 (WHP), 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006).

      **I.  The Court Has Good Cause To Stay Discovery As To EIS.**

      It is "the general practice of district courts" to issue "a stay of discovery . . . while the motion to compel arbitration was pending before the Court." *Intertec Contracting A/S v. Turner*

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DETROIT • DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH
SAN DIEGO • SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Hon. Vernon S. Broderick
May 23, 2023
Page 2

*Steiner Int'l, S.A.*, No. 98 Civ. 9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001); *see also Dome Tech., LLC v. Golden Sands Gen. Contractors, Inc.*, No. 16-cv-01607, 2017 WL 11577923, at *1 (D. Conn. July 24, 2017); *Ross,* 2006 WL 36909, at *1. Under Fed. R. Civ. P. 26(c), the Court "has the discretion to stay discovery for good cause." *Dome Tech., LLC*, 2017 WL 11577923, at *1.

A party demonstrates "good cause" for a stay of discovery when, as here, it has filed a dispositive motion such as a motion to compel arbitration. *Id.; Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *2-3. "When a dispositive motion would remove the litigation to another forum, good cause may require a stay." *Dome Tech., LLC*, 2017 WL 11577923, at *1 (*citing Transunion Corp. v. PepsiCo, Inc.*, 811 F.2d 127, 130 (2d Cir. 1987)). Courts may consider three factors when assessing a motion to stay: (i) the breadth of discovery sought, (ii) any prejudice that would result, and (iii) the strength of the motion. *Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *2 (granting motion to stay discovery pending decision on motion to dismiss and compel arbitration). However, "courts in this Circuit have stayed discovery pending the resolution of a motion to compel arbitration without even investigating the three-part test cited above" in light of forum concerns. *Dome Tech., LLC*, 2017 WL 11577923, at *1; *Alvarez v. Experian Info. Sols., Inc.*, No. 2:19-cv-03343, 2021 WL 2349370, at *2 (E.D.N.Y. June 7, 2021) ("[I]n cases where a stay is sought pending a motion to compel arbitration, the courts in this Circuit have stayed without even considering the three-factor test.").

"A stay is warranted where a defendant's motion 'appears not to be unfounded in the law.'" *Alvarez*, 2021 WL 2349370 at *2 (quoting *Gandler v. Nazarov*, No. 94-CV-2272, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994)). EIS's Arbitration Motion is meritorious because it has raised substantial arguments that would dispose of all claims presently before the Court. *Al Thani v. Hanke*, No. 20-CV-4765, 2021 WL 23312, at *1 (S.D.N.Y. Jan. 4, 2021) (collecting cases); *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. CV 2008-3166, 2009 WL 497609, at *2 (E.D.N.Y. Feb. 26, 2009). Plaintiff enrolled in CreditWorks, a free online credit monitoring product that is provided by EIS's affiliate, ConsumerInfo.com, Inc., on July 23, 2021. In doing so, he accepted a Terms of Use Agreement containing an arbitration agreement that expressly applies to "all disputes and claims between us," defined to include affiliates such as EIS, that "aris[e] out of" or "relat[e] to" his CreditWorks membership. *See Cimillo v. Experian Info. Sols., Inc.*, No. 21 CV 9132, 2023 WL 2473403, at *2 (S.D.N.Y. Mar. 13, 2023) (quoting materially identical portions of the CreditWorks Terms of Use Agreement, and compelling plaintiff's FCRA claims against EIS to arbitration). Furthermore, the fact that Plaintiff has not countered on the merits EIS's arguments regarding the effect of the arbitration agreement further supports that there is good cause to grant the requested stay. *See Ahmad*, 2021 U.S. Dist. LEXIS 32401, at *3 ("It is not necessary to parse the proper standard further, however because the plaintiff has not countered defendants' arguments on the merits with respect to the effect of the arbitration provision.").

Numerous courts, including most recently this Court and the Eastern District of New York, have upheld the enforceability of the arbitration clause in the CreditWorks Terms of Use in other cases asserting FCRA claims against EIS. *See Levy v. Credit Plus, Inc.*, No. 21-CV-5541 (KMK), 2023 WL 2644352 (S.D.N.Y. Mar. 27, 2023); *Cimillo v. Experian Info. Sols., Inc.*, No. 21 CV 9132, 2023 WL 2473403 (S.D.N.Y. Mar. 13, 2023); *Alvarez*, 2023 WL 2519249; *Meeks v. Experian Info. Sols., Inc.*, Nos. 21-17023, 22-15028, 2022 WL 17958634 (9th Cir. Dec. 27, 2022); *Johnson v. Sw. Recovery Servs., Inc.*, No. 3:22-CV-0242, 2023 WL 1944127 (N.D. Tex. Jan. 24, 2023), *report and recommendation adopted*, 2023 WL 1879999 (N.D. Tex. Feb. 10, 2023); *Chong v. Bank of Am., N.A.*, No. 22-00151, 2022 WL 16832742 (D. Haw. Nov. 8, 2022); *Solis v. Experian Info. Sols., Inc.*, --- F. Supp. 3d ---, No. 22-00102, 2022 WL 4376077 (C.D. Cal. Sept. 21, 2022); *Stephens v. Experian Info. Sols., Inc.*, --- F. Supp. 3d ---, 2022 WL 2716177 (D. Haw. July 13, 2022); *Sauer v. Experian Info. Sols., Inc.*, No. 21-cv-00963, 2022 WL 2163016 (C.D. Cal. May 12, 2022); *Roberson v. Experian Info. Sols., Inc.*, No. SA-21-CV-00316, 2022 WL 62270 (W.D. Tex. Jan. 5, 2022); *Coulter v Experian Info. Sols., Inc.*, No. 20-1814, 2021 WL 735726 (E.D. Pa. Feb. 25, 2021). Furthermore, this Court granted a stay of discovery in both the *Levy* and *Cimillo* matters, though the plaintiff in each case opposed EIS's motion to compel arbitration. *See Cimillo*, 2023 WL 2473403, at *3; *Levy*, 2023 WL 2644352, at *4. Plaintiff has not opposed EIS's Arbitration Motion in the instant case and has consented to adjudication of his claims outside of this forum, which further demonstrates good cause for this Court to stay discovery as to EIS.

## II. EIS Would Be Prejudiced If Discovery Is Not Stayed.

Absent a stay, EIS will be forced to engage in costly and burdensome discovery related to Plaintiff's claims in this forum, in contravention of the parties' written agreement. *Al Thani*, 2021 WL 23312, at *2 ("[A] stay can help ensure that a litigant is not deprived of his or her chosen forum"). The Court's deadline for fact discovery and depositions is approaching on June 20, 2023. (ECF No. 37.) Thus, without a stay, it is likely EIS will soon be forced to participate in multiple depositions and expert discovery in order to preserve its ability to defend itself.

A stay would "prevent[] duplicative and inefficient litigation" and prevent the waste of considerable resources on likely unnecessary and costly discovery. *Id* (alteration in original) (quoting *Dome Tech., LLC*, 2017 WL 11577923, at *2). A stay is warranted because, "unless discovery is stayed, [EIS] will 'forever lose the advantages of arbitration—speed and economy.'" *Mahamedi IP Law, LLP v. Paradice & Li, LLP*, No. 16-cv-02805, 2017 WL 2727874, at *1 (N.D. Cal. Feb. 14, 2017) (staying discovery pending the resolution of defendant's motion to compel arbitration). Courts regularly stay discovery where a motion to compel arbitration is pending because the very "purpose of arbitration is to provide a less expensive method of resolving disputes quickly." *Schacht v. Hartford Fire Ins. Co.*, No. 91 C 2228, 1991 WL 247644, at *4 (N.D. Ill. Nov. 6, 1991); *accord Al Thani*, 2021 WL 23312, at *2; *Alvarez*, 2021

JONES DAY

Hon. Vernon S. Broderick
May 23, 2023
Page 4

WL 2349370 at *2.  Here, without a stay, EIS will be forced to expend significant resources litigating Plaintiff's claims in this forum, in contravention of the parties' written agreement, which provides that this dispute must be resolved in arbitration.

### III. A Stay of Discovery As To EIS Would Not Prejudice Plaintiff.

Plaintiff will not suffer any hardship or prejudice from a stay of discovery as to his claims against EIS.  "If the claims are subject to arbitration, Plaintiff[] will not be prejudiced by being barred from taking discovery to which [he is] not contractually entitled.  If the claims are not subject to arbitration . . . a brief delay in . . . discovery to determine what discovery is appropriate is not prejudicial."  *In re CenturyLink*, 2018 WL 2122869 (D. Minn. May 8, 2018), at *2.  Furthermore, because Plaintiff did not oppose EIS's Arbitration Motion and consented to arbitration before the American Arbitration Association ("AAA"), the AAA rules of discovery apply to Plaintiff's claims. Accordingly, Plaintiff will not be prejudiced by a stay of discovery in this forum as he will have the opportunity to conduct discovery as to his claims against EIS pursuant to the appropriate AAA rules.

For the foregoing reasons, EIS requests that this Court stay discovery as to Plaintiff's claims against EIS pending the resolution of EIS's Motion to Compel Arbitration.

Respectfully submitted,

*/s/  Alissa M. Fideli*

Alissa M. Fideli
*Admitted to practice in New York*

cc:     All counsel of record (via ECF)